CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

March 04, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER JOEL GREER,<br>　　Plaintiff,<br><br>v.<br><br>TRACY HERRON, *et al.*,<br>　　Defendants. | Civil Action Nos. 7:23-cv-00793<br><br>By: Elizabeth K. Dillon<br>　　United States District Judge |

**MEMORANDUM OPINION**

Plaintiff Christopher Joel Greer, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Dkt. No. 1, Compl.) There are two defendants in this action: Tracy Herron and the Southwest Virginia Regional Jail Authority (SWVRJA). Greer alleges that Herron threw a dining cup at his head in the jail kitchen. This matter is before the court for review pursuant to 28 U.S.C. § 1915A.

Courts must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a); *see also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Section 1983 authorizes suits only against a "person" acting under color of law. 42

U.S.C. § 1983.  Generally, a "local jail . . . cannot qualify as a person subject to being sued under § 1983." *Miller v. SWVRJA-Duffield*, No. 7:21cv10, 2021 WL 1606469, at *1 (W.D. Va. Apr. 26, 2021).  Nevertheless, a regional jail authority can be sued in its own name under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Miller*, 2021 WL 1606469, at *1 (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 558, 690 (1978)).  Moreover, the complaint must show that the challenged policy or custom was the "moving force" behind the alleged violation of his rights.  *Id.* (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981)).

Greer's complaint does not identify any official custom or policy promulgated by the jail authority that played a part in Herron allegedly throwing a cup at him.  Accordingly, SWVRJA cannot be deemed a "person" for purposes of Greer's § 1983 suit.

As for his claim against Tracy Herron, Greer alleges that Herron "threatened to throw and then did throw a staff dining cup at my head." (Compl. at 2.)  Greer does not allege, however, that the cup struck him in the head or hit any other part of his body.  Thus, this allegation is akin to a push or a shove that causes no discernable injury.  *See, e.g.*, *Starks v. Mitchel*, No. 12-cv-244-MJR, 2012 WL 3926914, at *3 (S.D. Ill. Sept. 10, 2012) (finding that an allegation of an attempted assault with a food cart is insufficient to state an Eighth Amendment claim because defendant "did not actually hit Plaintiff with the food cart, so there was no contact and no infliction of pain (or the unnecessary and wanton infliction of pain)").  Greer's complaint therefore fails to state an actionable Eighth Amendment claim against Herron.

Finally, the court notes that plaintiff lists a second claim stating as follows: "On October 30, 2023 10:20 AM in 4B pod was brought in between 3A inmates and Tracy's husband, Joe

Herron, to be asked to file criminal charges." (Compl. at 2.) This allegation does not appear to state any discernable claim that can be brought in federal court pursuant to § 1983.

For the foregoing reasons, the court will summarily dismiss Greer's complaint, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted. In consideration of his status as a *pro se* litigant, however, and because he may be able to state sufficient factual allegations to state a plausible claim for violation of the Eighth Amendment, the court will dismiss without prejudice and allow him an opportunity to file an amended complaint asserting only that claim, if he so chooses.

An appropriate order will be entered.

Entered: March 4, 2024.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge